STATE v. DUPLIN CANAL COMPANY.

*Obstructing Navigable Streams—Sluicing—Motive Power.*

1. On trial of an indictment against the Duplin canal company for violation of section 1123 of THE CODE, in placing obstructions in a stream whereby its navigation was prevented; *Held,* that de-fendant cannot justify under its charter, which expressly prohibits

the company from impairing the navigability of streams.    Act 1871–'72, ch. 151, § 7, proviso.

2. *Held further*, that the use of the water for "sluicing" the canal-bed is not using it as a "motive power."

INDICTMENT for obstructing a water-course tried at Spring Term, 1884, of PENDER Superior Court, before *Shepherd, J.*
Verdict of guilty; judgment; appeal by defendant.

*Attorney-General,* for the State.
*Messrs. R. H. McKoy* and *J. D. Bellamy,* for defendant.

SMITH, C. J.    The defendants, the Duplin Canal Company, organized under a law of the state, and W. L. Young, its agent, are charged with felling trees and placing other obstructions in Shelter creek, so as to interfere with the use of the stream for floating rafts of timber and the passage of flat boats for which it is navigable, in violation of the act of February 28th, 1883, contained in THE CODE, § 1123.
    Upon the trial these defendants were convicted of the offence, and no judgment being prayed against the latter, the corporation was fined the sum of fifty dollars, and thereupon it appeals.
    The defendant company claimed a right under the terms of its charter to make the obstruction in the prosecution of its object under section 5, chapter 55, of the acts of 1873–'74, and the transferred privileges contained in chapter 151, section 7, of the act of 1871–'72, the original charter granted to the New River Canal Company.    The court ruled the defence unavailable in excuse of the obstructions forbidden by the statute.
    It was shown by the state that Shelter creek was a natural water course, navigable for flat boats and rafts; that the obstructions were a complete barrier to their passage and impeded the flow of water; that there were no flow-ways or

locks admitting a passage through the obstructions, and that they were formed by the defendant Young, acting under the directions of the company.

The provisions of the charter do not in our opinion warrant the total interruption of the use of this water-course. While they confer large powers upon the company in prosecuting its enterprise of uniting the waters of the rivers mentioned, or in carrying out the project contemplated in the amending enactment, it is expressly declared in section 7, of the act of 1872, as a proviso to the delegation of power to the company, "That no use of said creeks, water-courses, or bodies of water shall impair or prevent navigability of the same, and that the said company may construct upon and along said canal as many locks as they may deem serviceable for the use of said canal."

It is obvious that a total obstruction without a pass-way for water-craft, such as could use the stream, being constructed through it, was not contemplated. The statute upon which the indictment is based declares: "If any person shall wilfully fell any tree or wilfully put any obstruction, except for the purposes of utilizing water as a motive power, in any branch, creek or other natural passage for water, whereby the natural flow of water through such passage is lessened or retarded, and whereby the navigation of such stream by any raft or flat may be impeded, delayed or prevented, the person so offending shall be guilty of a misdemeanor and fined not to exceed fifty dollars or imprisoned not to exceed thirty days." THE CODE, §1123.

The defendants further insist that the water interrupted by the obstruction was used as " a motive power " in " sluicing," a term used to signify the digging out or washing out of the canal bed by the flowing stream.

The proposition is not tenable. The statute is general, and the exception has obvious reference to the use of the energies of water dammed, as a moving force, and not to the

operations of a current in motion. The prohibition is against felling any tree, or putting any obstruction, even when not extending across the stream, and the exception is that it may be done in utilizing the force of the water, but it does not confer the power to divert the water into a new channel in order that it may excavate and deepen the channel.

Upon a full examination of the statutes and the acts proved to have been done, we concur in the ruling of the court that the statute has been violated. There is no error. This will be certified to the superior court of Pender.

No error.                                        Affirmed.